IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROGER D. UPCHURCH, JR.,#1430578, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0987-D |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3, this case was automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

This is a *pro se* petition for a writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is currently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case.

In 1997, following his guilty plea to indecency with a child, the trial court deferred adjudicating Petitioner guilty and placed him on probation for ten years. *State v. Upchurch*, No. 32027 (18th Dist. Court, Johnson County, Tex., Oct. 30, 1997). Thereafter, the State filed a motion to adjudicate guilt, and on March 16, 2007, the trial court adjudicated Petitioner guilty and sentenced him to 20 years' imprisonment. (Pet. at 2). Although Petitioner did not appeal, he subsequently filed two state habeas applications under article 11.07, Texas Code of Criminal Procedure, challenging the conviction at issue in this case. (*Id.* at 3.) On November 6, 2008,

Petitioner filed the first application, which the Texas Court of Criminal Appeals denied on September 30, 2009. (*Id.* at 3-4.) On March 22, 2010, he filed the second application, which the Texas Court of Criminal Appeals dismissed as successive on April 7, 2010. (*Id.* at 4.)[1]

Petitioner filed the federal petition in this case on May 14, 2010. He alleges he was denied the right to counsel at the probation revocation hearing, and the right to appeal his probation revocation.[2]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999); Rule 4 of the Rules Governing § 2254 Proceedings (requiring dismissal of a § 2254 petition when it plainly appears from the face of the petition and attached exhibits that the petitioner is not entitled to relief).

The court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the show cause order on June 1, 2010.

---

[1] The court has verified all dates alleged in the federal petition on the Texas Court of Criminal Appeals website, *see Ex parte Upchurch,* Nos. WR-71,431-01 and WR-71,431-02, and the Johnson County District Clerk website, *see* Nos. 32027, 32027A and 32027B.

[2] For purposes of this recommendation, the federal petition is deemed filed on May 11, 2010, the date Petitioner signed it and allegedly handed it to prison officials for mailing. *See* Rule 3(d) of the Rules Governing § 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

The one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A).[3] Petitioner did not file a direct appeal. As a consequence, his conviction became final on May 13, 2007, thirty days after the judgment was entered.[4] *See* Tex. R. App. P. 26.2(a)(1); *see also Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000). The one-year period began to run on May 14, 2007, and expired on May 13, 2008. *See Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998). Petitioner is deemed to have filed his federal petition on May 11, 2010, almost two years after the running of the one-year limitations period. Statutory tolling is unavailable in this case because the state habeas applications were not pending in state court during the one-year period. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling of the limitations period during the pendency of state habeas proceedings); *Scott*, 227 F.3d at 263 (state habeas application, filed after federal limitations period had expired, did not toll limitations period).

Petitioner asserts that he erroneously believed the one-year limitations period began to run anew at the conclusion of his state post-conviction proceedings on March 5, 2010 – i.e., when he had fully exhausted his state court remedies. (Pet's Resp. at 1). He attributes his mistake to his lack of knowledge and erroneous advice he received from an unnamed person. *Id*.

---

[3] Subsections 2244(d)(1)(B)-(D) are inapplicable in this case. Petitioner has alleged no state created impediment under subparagraph (B) that prevented him from timely raising his claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the court determines that the facts supporting his grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

[4] Pursuant to Johnson County court records, available on the Johnson County website, the trial court entered a judgment adjudicating Petitioner's guilt on April 13, 2007.

Unfortunately for Petitioner, the AEDPA provides that the one-year period commences upon the conclusion of *direct review* of a judgment of conviction, or upon the expiration of the time for seeking such review, and not after collateral review. 28 U.S.C. § 2244(d)(1)(A); *see Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court. 28 U.S.C. § 2244(d)(2). Here, however, Petitioner did not seek state habeas relief until <u>after</u> the time for bringing a federal action under section 2254 had already expired. Accordingly, the court concludes that the federal petition is time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See also Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2562 (2010).

This case does not present the type of extraordinary circumstance and due diligence required for equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner's own allegations confirm that he did not act with due diligence during the one-year period. Petitioner squandered *all* the one-year period under section 2244(d)(1), seeking no legal redress from the courts during that period. The

record reveals he waited more than 15 months after conviction before filing his article 11.07 application. His lack of due diligence did not end here. Following the denial of his state application, Petitioner sought review through a petition for writ of certiorari which further delayed the disposition of his writ by five months. Petitioner then unsuccessfully filed a successive article 11.07 application. Following the dismissal of the latter, he delayed an additional thirty days before mailing the federal petition in this case.

Petitioner's pleadings fail to provide an explanation for the lengthy delays in this case. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Nor does Petitioner's *pro se* status and unfamiliarity with the law suffice as a basis for equitable tolling. Petitioner asserts that he "did not know anything of laws, and rules of any Statue [sic] of limitation." (Pet's Resp. at 1). However, the Fifth Circuit has "made it clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling." *Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002). *See also Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Clearly Petitioner has not carried his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (the party seeking equitable tolling has the burden of showing entitlement to such tolling). In the exercise of discretion, the District Court should refuse to apply equitable tolling.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

SIGNED July 30, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE